UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARTEL CHAPMAN, Individually, and on Behalf
of all Others Similarly Situated                                                      PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:05CV-433-S

HARDIN COUNTY, et al.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of the plaintiff, Martel Chapman, for leave to amend her complaint to join Jolene Hazelwood, Tina Spears, David Stallins, and Annette Borges as plaintiffs in this action brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983. (DN 20).

In this action, Chapman alleges that she and other inmates of the Hardin County Jail contracted Methicillin-Resistant Staphylococcus Aureus ("MRSA") because of inadequate policies and practices to diagnose, treat, isolate, and prevent the spread of MRSA. Chapman purports to represent the class of others similarly situated to herself. A class action is asserted in the Complaint. To date, the matter has not been certified as a class action.

The defendants, Hardin County, et al., object to the motion to amend the complaint to add Tina Spears as a plaintiff on the ground that the statute of limitations has run on her claim.[1] There appears to be no dispute that the one-year statute of limitations for personal injury governs in this matter. *Collard v. Kentucky Board of Nursing*, 896 F.2d 179 (6th Cir. 1990). The parties also agree that Chapman's motion to amend was filed over one year after Spears' release from incarceration.

The United States Supreme Court held in *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974) that "the commencement of the original

---

[1] There is no opposition to the joinder of Jolene Hazelwood, David Stallins or Annette Borges.

class suit tolls the running of the statute [of limitations] for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." The Court went on to explain that

> ...A contrary rule allowing participation only by those potential members of the class who had earlier filed motions to intervene in the suit would deprive Rule 23 class actions of the efficiency and economy of litigation which is a principal purpose of the procedure. Potential class members would be induced to file protective motions to intervene or to join in the event that a class was later found unsuitable...[A] rule requiring successful anticipation of the determination of the viability of the class would breed needless duplication of motions. We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.

*Id.*

The defendants contend that since the court has not certified the case as a class action, Spears cannot join as a plaintiff. They urge that

> the mere fact that Plaintiff has brought suit 'on behalf of all others similarly situated' is irrelevant at this time, as Plaintiff has not sought to certify this case as a class action, nor has the Court done so. Obviously, if this case is subsequently certified, then Spears *may* be able to join as a class member. But for now, her claims are barred by the applicable statute of limitations.

Response to Motion to Remand, p.2, ¶4 (emphasis in original).

Chapman relies upon a ruling by United States District Judge Joseph H. McKinley, Jr., in which she contends he rejected the identical argument made by the defendants here. Plaintiff's Reply, p. 2, ¶2.

None of the citations of authority offered by either side address the precise question before the court – whether this purported class member may be joined prior to the court's consideration of class action status. The Supreme Court in both *American Pipe, supra*., and in *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983) addressed the question of

- 3 -

intervention after class certification had been denied. Judge McKinley was asked to address a challenge to the standing of certain members in a class which had already been certified.

The defendants have not provided any authority for the proposition that Chapman must first move for class certification before seeking to join the proposed plaintiff. Rather, the defendants' authority holds that a potential class member *need not* be a party to the suit or file her own lawsuit until she is no longer afforded the protection of the class action tolling rule.

The defendants do not challenge the contention that Spears is an asserted member of the proposed class defined by the complaint. Thus, whether she is permitted to join as a plaintiff, or waits to pursue her claim, the Supreme Court has held that she is to be afforded the protection of the tolling rule upon the commencement of the class action suit. *American Pipe, supra.* The court has been shown no basis for the assertion that the joinder of Spears under Fed.R.Civ.P. 20 is inappropriate.

Motion having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiff, Martel Chapman, for leave to amend the complaint (DN 20) is **GRANTED**, and the Amended Complaint is ordered **FILED** in this matter.

**IT IS SO ORDERED.**