UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARTEL CHAPMAN, et al.,                                                              PLAINTIFFS
individually and on behalf of
all others similarly situated

v.                                                                      CIVIL ACTION NO. 3:05-CV-433-S

HARDIN COUNTY, et al.                                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of plaintiffs Paul Amaral, Larry Ashford, Amanda Bray, Jessica Lee Carragher, Edward Carroll, Alan Crabtree, Benjamin Fisher, Jheirquann Gibbs, Michael Hegg, Tremain Johnson, William Jutz, Shawna Marie Lavvorn, Stephen Long, Rachel Marcum, Jennie Mcelvain, Deella Louise Mcneal, Derwin Nickleberry, Charles Valentine, Francis Vandivier, Jr., William Vanmeter, Dannie Vertrees, Jr., James Williams, Tiffany Ann Williams, Cortez Williamson, and James Winkle ("Movants") to intervene in the above-styled action (DN 153). Defendants Hardin County, et al. ("Defendants") have responded (DN 154) and Movants have replied (DN 155). For the reasons that follow, Movants' motion to intervene will be denied.

The original plaintiff in this matter, Martel Chapman ("Chapman"), was a former inmate of the Hardin County Detention Center ("Jail"). Chapman alleges that the policies and procedures – or, lack thereof – of Defendants violated her rights under the Eighth, Tenth, and Fourteenth Amendments of the U.S. Constitution. Specifically, Chapman alleges that Defendants allowed methicillin-resistant *Staphylococcus aureus* bacteria ("MRSA") to be introduced to and spread among the Jail population, and as a consequence she was infected.[1]

---

[1] For a more comprehensive statement of the facts of this case, see *Memorandum Opinion*, pp. 1-7 (DN 149).

Movants similarly allege that they were infected with MRSA while incarcerated at the Jail. Specifically, Movants allege that they "were denied appropriate and necessary medication and medical attention for their serious medical needs, all as a consequence of Defendants' neglect and deliberate indifference." *Motion to Intervene*, p. 2.

Federal Rule of Civil Procedure 24(b) governs permissive intervention.[2] Rule 24 provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who. . . has a claim. . . that shares with the main action a common question of law or fact." *Fed. R. Civ. P. 24(b)(1)(B)*. The rule further states that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Fed. R. Civ. P. 24(b)(3)*.

In our memorandum opinion denying Chapman's motion for class certification, the court found that there were no questions of law or fact common to all members of the proposed class. *Mem. Op.* at 10-11. Here, for the same reasons, the court finds that there is no question of law or fact common to all plaintiffs, "*the resolution of which will advance the litigation.*" *Sprague v. General Motors*, 133 F.3d 388, 397 (6th Cir. 1998) (emphasis added).

Movants allege that their claims share with the primary action issues concerning Defendants' employment practices, Jail operations funding, and the promulgation of policies and procedures to protect the inmate population. However, Movants fail to identify a particular question, the resolution of which will establish common causation, or consistently impact damages. Contrary to Movants' contention, there is no single set of operative facts from which all of their claims, as well as Chapman's claim, arises. Questions as to the conditions at the Jail and the implementation of the

---

[2]Movants are not entitled to intervention of right under Rule 24(a).

Jail's MRSA policies are different for Chapman and each plaintiff. Whether the Jail failed to protect Chapman and/or any individual plaintiff from exposure to MRSA is an inquiry complete unto itself. Accordingly, Movants' motion to intervene will be denied. Therefore, there is no danger of undue delay or prejudice to the adjudication of the original parties' rights.[3]

If Movants wish to assert their claims, they have the right to file individual actions. Should multiple plaintiffs choose to do so, then at the appropriate time and in the interest of judicial economy, the court will order consolidation of all pretrial discovery to the fullest extent practicable.

For the above reasons, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Movant's motion to intervene (DN 153) is **DENIED**.

**IT IS SO ORDERED**.

---

[3] The court declines to address the Prison Litigation Reform Act ("PLRA") question, as it is unnecessary to the resolution of the present matter.